# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 11 |
| JESUS PADILLA, | ) No. 4:11-bk-34514-JMM |
| Debtor. | ) **MEMORANDUM DECISION** |

A continued hearing was conducted on January 15, 2013 on Final Approval of the Debtor's Second Amended Disclosure Statement (ECF No. 133) and Confirmation of the Debtor's Second Amended Plan of Reorganization (ECF No. 132). Counsel appeared for Debtor and for secured creditor Deutsche Bank National Trust Co., as Trustee for the Holders of the HSI Asset Securitization Corporation Trust 2007-HE1 ("Deutsche Bank"). Both attorneys raised the following threshold issue: whether Deutsche Bank timely filed its "Notice of Election Pursuant to 11 U.S.C. § 1111(b)," in order to have its claim treated as fully secured. The Notice of Election was filed on December 10, 2012 (ECF No. 141). The Court asked the parties to file supplemental briefs on the issue, and took the matter under advisement. Having considered the parties' briefs, the entire record and the law, the Court now rules.

## **FACTS AND PROCEDURE**

Debtor owns and operates a café in downtown Tucson. Although Debtor arguably qualifies as a "small business debtor," pursuant to § 101(51D), he did not check that box on the petition and disputes that

classification in these proceedings. See Fed. R. Bankr. P. 1020(a) (providing that the debtor "shall state in the petition whether the debtor is a small business debtor").[1]

Deutsche Bank holds a secured claim and first lien on Debtor's residential rental property. It filed a secured proof of claim in the amount of $157,552.07. The Second Amended Plan proposes to cram down the claim to $50,000.

A hearing on approval of the First Amended Disclosure Statement was set for October 16, 2012. At the hearing, the Court determined that additional information was needed. The Court stated that this was a "small business" and that the Disclosure Statement would be "conditionally" approved, assuming the changes were made. The court also set the plan confirmation date for November 29, 2012.

No order was thereafter lodged or issued with regards to approval of the Disclosure Statement. For lack of an order, and based on the Court's "conditional" approval of the Disclosure Statement, the November 29, 2012 hearing was calendared as a "HEARING ON FINAL APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN."

Meanwhile, on November 2, 2012, Debtor had filed a Second Amended Disclosure Statement, which contained the required additional information, and a Second Amended Plan (ECF Nos. 132, 133). Deutsche Bank objected to the plan (ECF No. 134) and voted to reject the plan (ECF No. 136).

Despite the fact that there was not yet any approval order entered with regard to the Disclosure Statement, Debtor's notice for the November 29th hearing was captioned "Order Establishing Bar Date for Acceptance or Rejection of Plan and Setting Confirmation Hearing." (ECF No. 130). The Certificate of Service was captioned as follows: "Certificate of Service by Mail Re: Second Amended Disclosure Statement[;] Second Amended Plan[;] Notice of Bar Date for Ballot Return & of Confirmation Hearing[;]

---

[1] In 2005, the BAPCPA amendments changed the "election" process by deleting the election language in § 1121(e), and by amending former § 101(51C) and defining a "small business case" as "a case filed under chapter 11 of this title in which the debtor is a small business debtor." See 11 U.S.C. § 101(51C); see also 2008 Advisory Committee Note to Rule 1020 (clarifying that a small business debtor no longer has discretion to proceed or not proceed as a "small business debtor"). Rule 1020(a) further provides that "the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." Fed. R. Bankr.P. 1020(a).

2

Case 4:11-bk-34514-BMW    Doc 151   Filed 01/30/13   Entered 01/31/13 09:24:35   Desc
Main Document - Chapter 11 Plan    Page 2 of 5

And Ballots to Eligible Creditors." (ECF No. 137). There was no mention of the final approval of the Disclosure Statement, nor was there an opportunity given for filing objections to the Second Amended Disclosure Statement.[2]

At the November 29, 2012 hearing, the court subsequently continued the hearing(s).

Deutsche Bank then filed its § 1111(b) election notice on December 10, 2012.

## **DISCUSSION**

Federal Rule of Bankruptcy Procedure, Rule 3014, governs the timing of the § 1111(b) election. It provides, in relevant part:

> An election of application of §1111(b)(2) of the Code by a class of secured creditors in a chapter 9 or 11 case may be made at any time prior to the conclusion of the hearing on the disclosure statement or within such later time as the court may fix. If the disclosure statement is conditionally approved pursuant to Rule 3017.1, and a final hearing on the disclosure statement is not held, the election of application of § 1111(b)(2) may be made not later than the date fixed pursuant to Rule 3017.1(a)(2) or another date the court may fix.

Fed. R. Bank. P. 3014.

In order to determine whether the Notice of Election was timely, the Court must first determine whether the hearing on the Disclosure Statement has been concluded.

Debtor's position is that the small business rules do not apply to him and that he is not a small business debtor, since he did not designate such a case on the petition.[3] Instead, he maintains that the Court used its equitable authority to routinely approve the Disclosure Statement on October 16, 2012, subject to insertion of the modifications. Debtor also points out that Deutsche Bank was given electronic notice of the October 16, 2012 hearing and did not object to the Disclosure Statement. The Court's directions were then complied with in the Second Amended Disclosure Statement, which was filed on November 2, 2012.

---

[2] The docket entry @ ECF No. 137 incorrectly references the attachment ECF No. 130 as an "Order Approving Disclosure Statement and Setting Confirmation Hearing," when that order is actually captioned "Order Establishing Bar Date for Acceptance or Rejection of Plan and Setting Confirmation Hearing."

[3] Debtor concedes that in a small business case " it would be proper for a creditor to both object to the disclosure statement at the confirmation hearing but [sic] also to make the 1111(b) election at that time." (Debtor's Supp'l Brief, p. 3, ECF No. 147).

3

Finally, Debtor argues that no further hearings were expressly <u>ordered</u> for approval of the Disclosure Statement after the October 16, 2012 hearing. Thus, the § 1111(b) election was <u>untimely</u> filed thereafter, according to Debtor.

Deutsche Bank does not challenge the Debtor's designation as a non-small business debtor. Consequently, it contends that "conditional" approval of the Disclosure Statement was <u>not</u> available to the Debtor and, thus, that the Second Amended Disclosure Statement is still awaiting approval. It supports this argument with the Court's calendar, which designated the three continued hearings as combined hearings on final approval of the Disclosure Statement and Plan confirmation.

In a non-small business case, an order approving the disclosure statement would normally be required prior to the hearing on plan confirmation. <u>See</u> 11 U.S.C. § 1125(b); Official Form 13 - Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice Thereof.

Deutsche Bank also raises due process concerns if the Court were to hold that the Disclosure Statement was finally approved on October 16, 2012. Undisputedly, Debtor added, for the first time, material information to the Second Amended Disclosure Statement consisting of income/expense projections and a more detailed liquidation analysis. For the November 29, 2012 hearing, there was no opportunity given in the Order or Notice of Hearing for filing objections to the Second Amended Disclosure Statement.[4]

Deutsche Bank draws a persuasive analogy to a case where the creditor was allowed to withdraw its § 1111(b) election after the debtor materially changed its disclosure statement. <u>In re Scarsdale Realty Partners, L.P.</u>, 232 B.R. 300 (Bankr. S.D.N.Y. 1999). Here, material information was added after Deutsche Bank made its election.

In the absence of an order either conditionally or finally approving the Disclosure Statement, the Court finds the position of Deutsche Bank to be better supported by the facts and law. Debtor's counsel was aware that the Disclosure Statement had been "conditionally" approved by an oral ruling at the

---

[4] In fact, the Certificate of Service at ECF No. 137, mailed on November 2, 2012, referred to an attachment entitled "Notice of Hearing," at ECF No. 118, which was the notice for the original October 16, 2012 hearing on approval of the Disclosure Statement.

4

October16, 2012 hearing, yet counsel failed to lodge an order of either conditional or final approval. Because final approval of the Disclosure Statement was still pending, the Court calendared the next three hearings, on November 29, 2012, December 11, 2012, and January 15, 2013, as a combined hearing on final approval of the Disclosure Statement and Plan confirmation.

**CONCLUSION**

Therefore, the Court finds and concludes that Deutsche Bank's Notice of Election was timely filed prior to conclusion of the hearing on approval of the Disclosure Statement. The Court perceives no reason to waste additional time soliciting objections to the Second Amended Disclosure Statement, when no objections were filed to date.[5] Therefore, a separate order shall be entered giving Debtor 30 days in which to file an Amended Plan, obtain a new plan confirmation date from the Courtroom Deputy, and lodge a Form 13 Order approving the Disclosure Statement and setting the plan confirmation hearing. Once signed, Debtor shall notice the Order to all creditors and interested parties pursuant to Rule 2002(b).

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Debtor's Attorney
Deutsche Bank's Attorney
Office of the U.S. Trustee

---

[5] Although Deutsche Bank's brief states that it objected to the Disclosure Statement on November 12, 2012, the pleading to which it apparently refers (ECF No. 134) is captioned "Objection to Chapter 11 Plan." (Deutsche Bank's Brief, ECF No. 148, p.2:19-20).